In the United States District Court

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY,<br>660 Pennsylvania Ave SE #402<br>Washington, DC 20003<br><br>*Plaintiff,*<br><br>vs.<br><br><br>ENVIRONMENTAL PROTECTION<br>SERVICE,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br><br>*Defendant.* | Case No. 1:22-cv-2746<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.  NATURE OF ACTION

1. The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the United States Environmental Protection Agency's (EPA) unlawful withholding of records that pertain to the December 2021 Report on the Status of Over-the-Top Dicamba: Summary of 2021 Usage, Incidents and Consequences of Off-Target Movement, and Impacts of Stakeholder-Suggested Mitigations.

2. CFS filed a FOIA request with EPA to gain a better understanding of EPA's regulation of dicamba and the information in its 2021 Report. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's action. CFS also requested a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).

3. EPA is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, and failing to provide an initial determination as to the scope of the records to be produced or withheld and an estimated date by which the agency's search will be complete.

4. EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA, and injunctive relief directing EPA to provide responsive records without any further delay.

## II.    JURISDICTION AND VENUE

5. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7. Declaratory relief is appropriate under 28 U.S.C. § 2201.

8. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.    PARTIES

9. Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization with a mission to protect public health and the environment by curbing the proliferation of harmful food production technologies. CFS represents over one million members who reside in every state across the country, who support safe, sustainable food production. Since its inception in 1997, CFS has closely monitored EPA's decision-making process regarding its registration of toxic pesticides, including dicamba, and has long had a specific pesticides program, dedicated to addressing the adverse environmental and public health impacts of industrial agriculture, including numerous policy, scientific, and legal staff.  CFS and its members are harmed by EPA's violations of FOIA, as such violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions, and prevent CFS from disseminating information to the public concerning EPA's oversight of the registration, use, and labeling of pesticides.

10. Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records that CFS seeks and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

## IV.   LEGAL BACKGROUND

11. The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes stringent deadlines on federal agencies regarding making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id.* § 552(a)(6)(A).

13. Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14. FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will

produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15. For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

16. If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17. Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

18. The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19. FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                                                  5

20. With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21. In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

22. FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24. Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

V.   FACTUAL BACKGROUND

25. CFS, through its Pollinators and Pesticides program, works to protect public health and the environment from the impacts of industrial agriculture. CFS has a long history of promoting greater oversight concerning the environmental and agricultural impacts of pesticide use.

26. On June 17, 2022, CFS submitted a FOIA request to EPA, seeking "[t]he final approved speeches, talking points, and/or meeting notes from the following meetings referenced in EPA's December 21, 2021 Report on the Status of Over-the-Top Dicamba: Summary of 2021 Usage, Incidents and Consequences of Off-Target Movement, and Impacts of StakeholderSuggested Mitigations: BASF and EPA's meeting on September 2, 2021; Bayer and EPA's meeting on September 30, 2021; EPA and North and South Dakotas' meeting on September 22, 2021; EPA's Region 7 meeting on August 4, 2021; EPA's meeting with the Arkansas State Plant Board on September 9, 2021; and EPA's meeting with the Illinois Department of Agriculture on July 30, 2021." This is a narrow request, considering the specific meetings referenced.

27. CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS. CFS also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

28. On June 17, 2022, CFS received confirmation of receipt for the request and a tracking number (EPA-2022-004890). Exhibit A.

29. On June 22, 2022, CFS received an email with contact information for the request. Exhibit A.

30. An initial determination on the June 17 FOIA Request was due by July 22, 2022, twenty working days after the date CFS submitted the request.

31. On June 27, 2022, CFS emailed EPA asking for an estimated completion date for the request. Exhibit A.

32. On June 27, 2022, EPA responded that it was conducting an initial analysis of the request and would provide an update within two weeks. Exhibit A.

33. On June 30, 2022, CFS received a fee waiver grant letter. Exhibit A.

34. On July 20, 2022, CFS received an Unusual Circumstances letter, stating that EPA would need until January 20, 2023 to complete the request due to the resources and time required. Exhibit B.

35. On July 20, 2022, CFS responded significantly narrowing the request to only "[t]he final approved speeches, talking points, and/or meeting notes from the following meetings referenced in EPA's December 1, 2021 Report on the Status of Over-the-Top Dicamba: Summary of 2021 Usage, Incidents and Consequences of Off-Target Movement, and Impacts of Stakeholder Suggested Mitigations: 1) BASF and EPA's meeting on September 2, 2021; and 2) Bayer and EPA's meeting on September 30, 2021." CFS also asked for an updated estimated completion date to receive these documents. Exhibit A.

36. On July 27, 2022, CFS followed up wit EPA asking for an initial determination and estimated completion date for the modified request. Exhibit A.

37. On July 28, 2022, EPA responded that it was consulting with subject matter experts to provide an estimated date of completion based on CFS's modification and hoped to provide an update by August 5, 2022. Exhibit A.

38. On August 5, 2022, EPA informed CFS that it was still consulting with subject matter experts and hoped to provide an update the following week. Exhibit A.

39. On August 8, 2022, CFS responded asking again for an initial determination and estimated completion date for the modified request. Exhibit A.

40. On August 12, 2022, CFS followed up with EPA asking about the update EPA had hoped to provide that week. Exhibit A.

41. On August 12, 2022, EPA responded that it would follow up with subject matter experts and hoped to provide an update the next week. Exhibit A.

42. On August 18, 2022, CFS followed up, asking for the update. CFS emphasized that it needed an estimated completion date for the modified request and an initial determination. Exhibit A.

43. On September 9, 2022, CFS emailed EPA asking again for an estimated completion date for the modified request and an initial determination. Exhibit A.

44. Over two months have passed since EPA logged the June 17, 2022 FOIA Request, yet EPA has not provided an initial determination in response to the June 17, 2022 FOIA Request, supplied an estimated date of completion for the modified request, or produced any responsive records.

45. As of the date of this Complaint, CFS has received no further communications from EPA.

46. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the June 17 FOIA Request.

47. CFS has been required to expend resources to prosecute this action.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

48. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

49. EPA violated FOIA by failing to make a determination on CFS's June 17 FOIA Request. 5 U.S.C. § 552(a)(6).

50. CFS has a statutory right to receive a determination within the congressionally-mandated deadline of twenty working days. *Id.*

51. To date—over two months since CFS filed the June 17 FOIA Request—EPA has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

52. EPA's failure to make an initial determination regarding the June 17 FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id.* § 552(a)(6)(A)(i).

53. As such, CFS has exhausted the applicable administrative remedies with respect to the June 17 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

54. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

55. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

56. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## SECOND CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

57. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

58. EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

59. CFS has a statutory right to have EPA process its June 17 FOIA Request in a manner that complies with FOIA. *Id.*

60. EPA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the June 17 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

61. CFS has exhausted the applicable administrative remedies with respect to the June 17 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

62. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

63. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

64. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## THIRD CAUSE OF ACTION
### Defendant Unlawfully Withheld All Responsive Records

65. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

66.	EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's June 17 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

67.	CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See id*. § 552(b)(1)-(9).

68.	To date, EPA has not provided any records requested by CFS in the June 17 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

69.	As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

70.	CFS has exhausted the applicable administrative remedies with respect to the June 17 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

71.	Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

72.	CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

73.	Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

### FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

74.	The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

75. EPA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the June 17 FOIA Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

76. CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

77. To date, EPA has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the June 17 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

78. CFS has exhausted the applicable administrative remedies with respect to the June 17 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

79. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

80. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

81. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**FIFTH CAUSE OF ACTION**
**Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA**

82. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

83. EPA violated FOIA by failing to provide CFS with an estimated date of completion for the modified request as required by 5 U.S.C. § 552(a)(7)(A)-(B).

84. CFS has a statutory right to have EPA process its June 17 FOIA Request in a manner which complies with FOIA. EPA has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the modified June 17 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

85. EPA's failure to inform CFS of an estimated completion date for the modified June 17 FOIA Request has prejudiced CFS's ability to timely obtain public records.

86. CFS has exhausted the applicable administrative remedies with respect to the June 17 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

87. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

88. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

89. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request by a date certain;

2. Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's June 17 FOIA Request with the cut-off date for searches being the

date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's June 17 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendant unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's June 17 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5. Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6. Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion for the modified request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7. Provide for expeditious proceedings in this action.

8. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9. Grant such other relief as the Court may deem appropriate.

Dated this 12th day of September, 2022.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ Meredith Stevenson
Meredith Stevenson (CA00123)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
(415) 826-2770
Email: mstevenson@centerforfoodsafety.org

*Counsel for Plaintiff*